Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WERNER, an individual, INCREDIBLE FEATURE, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRACTIFY, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>JURY TRIAL DEMANDED |

Plaintiffs, Jeffery Werner ("Werner") and Incredible Features, Inc. ("IFI"), by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Werner is an individual residing in California.

5. IFI is a California corporation.

6. Plaintiffs are informed and believe and thereon allege that Defendant Distractify, Inc. ("Distractify") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 270 Lafayette Street, Suite 200, New York, New York 10012, and is doing business in and with the state of California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants, including without limitation, Sowell and Jones, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## CLAIMS RELATED TO WERNER'S PHOTOGRAPHS

9. Werner owns a photograph depicting Giant George: the world's tallest dog (the "Subject Photograph") and a video of Jackie Samuel: owner of the "Snuggery" (the "Subject Video") (collectively, the "Subject Works"). The Subject Works were published and registered with the United States Copyright Office before the infringement at issue. The Subject Photograph was registered with the Copyright Office on November 11, 2009 under Registration Number VAu 1-005-177. The Subject Video was registered with the Copyright Office on November 4, 2013 under Registration Number Pau 3-708-183.

10. Plaintiffs' investigation revealed that Distractify published and hosted posts on its website(s) and networks that incorporated unauthorized copies of the Subject Works (the "Subject Posts").

11. True and correct representations of the Subject Works and the corresponding photographs from the Subject Posts are attached hereto as Exhibit A.

12. Plaintiffs are informed and believe and thereon allege that copied images of the Subject Works in the Subject Posts were altered to remove certain of Plaintiffs' copyright management information.

13. Plaintiffs are informed and believe that Defendants, and each of them, posted, hosted, displayed and distributed the Subject Works without Plaintiffs' permission.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

14. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, had access to the Subject Works, including, without limitation, through (a) viewing the Subject Works on Plaintiffs' YouTube channels or online presence, (b) viewing Subject Works online, and (c) viewing Subject Works through a third party. Plaintiffs further allege that the identical nature of the copying establishes access.

16. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Works, and exploited said photography online and in productions.

17. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyrights by creating infringing derivative works from the Subject Works and by publishing and displaying the infringing material to the public, including without limitation, through its website, Youtube channels or elsewhere.

18. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' rights by copying the Subject Works without Plaintiffs' authorization or consent.

19. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Works. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Works in an amount to be established at trial.

21. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

22. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiffs are informed and believe and thereon allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Works as alleged hereinabove.

24. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Works. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Works, in an amount to be established at trial.

27. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

28. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, violated 17 U.S.C. §1202 by providing false copyright management information in connection with the works at issue, and distributing and displaying the works at issue with false copyright management information.

30. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, further violated 17 U.S.C. §1202 intentionally removing and/or altering the copyright management information, in the form of metadata and text, on or around the Subject Works, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

31. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

32. Plaintiffs are informed and believe and thereon allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiffs resultantly seek enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyrights in the Subject Works, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Works from any print,

web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiffs' intellectual property rights;

d. That Plaintiffs be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiffs be awarded their costs and fees under the above statutes;

f. That Plaintiffs be awarded statutory and enhanced damages under the statutes set forth above;

g. That Plaintiffs be awarded pre-judgment interest as allowed by law;

h. That Plaintiffs be awarded the costs of this action; and

i. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 24, 2017    By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiffs

8
COMPLAINT

# EXHIBIT A

| SUBJECT WORK | SUBJECT POST |
|---|---|
| |  |
| SUBJECT WORK | SUBJECT POST |
|  |  |